UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Amadou C. Diabate,                                       Civil No. 14-3431 (ADM/FLN)

       Plaintiff,

v.                                       **REPORT AND RECOMMENDATION**

Minneapolis Public Housing Authority,

       Defendant.

_____

This matter came before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 2), by which he is seeking leave to proceed *in forma pauperis* ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff commenced this action by filing a Complaint alleging that Defendant, the Minneapolis Public Housing Authority, negligently created a dangerous condition at his residence, thereby causing Plaintiff personal injuries. Plaintiff alleges that on August 8, 2014, Defendant negligently allowed an unidentified intruder to enter the building where Plaintiff resides and over which Defendant exercises control. Thereafter, the intruder assaulted Plaintiff by hitting him in the eye, neck, or both. According to the Complaint, as a result of the August 8, 2014 assault, Plaintiff had to undergo eye surgery. (Docket No. 1("Compl.") at 4-5.)

Plaintiff asserts that there is federal subject matter jurisdiction because his claims are based on a federal question. (Compl. 1 ¶ 3.) Plaintiff indicates that the "federal question" establishing subject-matter jurisdiction is "PERSONAL INJURY LIABILITYC [sic.] – NEGLIGENCE" (*id.* ¶ 4), which is a Minnesota common-law tort claim, not a claim based on a federal statute, the United States Constitution, or some other provision of federal law. In addition, the substantive allegations in the Complaint show that, rather than making claims based on federal law, Plaintiff is attempting to recover damages under the common law of the State of Minnesota by asserting that Defendant failed to reasonably fulfill an alleged duty to protect the tenants residing in its building from criminal acts committed by third parties. *See Funchess v. Cecil Newman Corp.*, 632 N.W.2d 666, 673-75 (Minn. 2001) (discussing the circumstances under which a landlord owes a duty to protect tenants from criminal acts by a third party). Thus, the Court must consider whether federal subject matter jurisdiction exists in this case.

## II. DISCUSSION

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte*." *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971), *cert. denied*, 405 U.S. 926 (1972), (citing *Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added.)

On the face of the Complaint, there is no basis for concluding that federal subject-matter jurisdiction exists in this case. As noted above, the Complaint indicates that Plaintiff is seeking relief based on a common-law negligence theory, which is a matter of state law. Although

Plaintiff alleges that his claim are based on federal law, the only specific legal theory he cites is state-law based—he references "personal injury liability – negligence" as the basis for his claim. Looking at the factual allegations in the Complaint, rather than at the mere label Plaintiff chose to give to his claim, does not change this conclusion. Those allegations do not support any conceivable claim based on federal law. Thus, the Court concludes that federal subject-matter jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

Nor does subject-matter jurisdiction exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. Plaintiff and Defendant are both residents of the same state. (Compl. 1 ¶¶ 1-2, 5, 6.) The "Civil Cover Sheet" that Plaintiff filed with his Complaint confirms these allegations. (Docket No. 1-1 §§ I-III.) Because this matter is not a civil action between citizens of different states, or otherwise withing the diversity jurisdiction of the federal courts, 28 U.S.C. § 1332(a), subject-matter jurisdiction cannot be predicated on diversity of citizenship.

Because there is no federal subject-matter jurisdiction, this case cannot proceed in federal court. Therefore, the Court recommends that Plaintiff's IFP application be denied, *see* 28 U.S.C. § 1915(e)(2)(b), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[1]

---

[1] The Court's recommendation of dismissal for lack of subject-matter jurisdiction is not intended to signify any opinion of the merits, if any, of Plaintiff's substantive claim. Instead, the dismissal indicates that if Plaintiff wishes to pursue this claim in court, he must do so in state court, rather than federal court.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Docket No. 2) be **DENIED**; and

2) This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.


DATED: September 15, 2014                     _s/Franklin L. Noel_
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before September 30, 2014, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words, or 320 lines of text if set in a monospaced font. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.